# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

In Re:

**UNITY SHIPPING LINES, INC., et al.**

Debtors.
_____/

**SONEET R. KAPILA, Trustee in
Bankruptcy for Unity Shipping Lines, Inc., et al,**

    **Plaintiff,**

vs.

**RICKMERS-LINIE (AMERICA), INC.,**

    **Defendant(s).**
_____/

Case No.: 13-16222-PGH
**(Substantively Consolidated)**

**Chapter 7**

Adv. Proc. No.:

## TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547 and 550

The Plaintiff, **Soneet R. Kapila**, Trustee in Bankruptcy for **Unity Shipping Lines, Inc. et al**, ("Plaintiff"), by and through undersigned counsel, hereby sues **Rickmers-Linie (America), Inc.,** ("Defendant"), and alleges:

1.     This is an adversary proceeding brought by the Plaintiff seeking to avoid and recover preferential transfers pursuant to 11 U.S.C. § 547 and 550.

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b)[1].

3.     This is a core proceeding for which the Court is authorized to hear and determine all

---

[1] Plaintiff reserves the right to bring additional claims against the Defendant and nothing contained herein shall be deemed a waiver of any rights or causes of action that the Trustee or the estate may have against the Defendant. Also, to the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's estate (collectively the "Claims"), Plaintiff reserves the right to object to such Claims for any reason, including, but not limited to 11 U.S.C. §502 (a) – (j), and this Complaint is not intended to be, nor should it be construed as, a waiver of such right.

matters regarding this case in accordance with 28 U.S.C. §§ 157(b)(2)(E)(F) and (H).

4.      The venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §1409.

5.      This action was commenced by the filing of voluntary Chapter 11 bankruptcy petitions for Unity Shipping Lines, Inc. (lead bankruptcy case number 13-16222-PGH), Yacht Path International, Inc. (bankruptcy case number 13-16247-PGH), Yacht Path Palm Beach, Inc. (bankruptcy case number 13-16261-PGH), and Unity Marine, Inc. (case number 13-16265-PGH) (each referenced as a "Debtor" and collectively referenced as "Debtors") on March 20, 2013.

6.      All of the Debtors were in the yacht transport and related sales businesses.

7.      Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors operated their business as debtors-in possession until a Chapter 11 Trustee was appointed on May 20, 2013.

8.      On May 22, 2013, the Office of the United States Trustee appointed Soneet Kapila as Chapter 11 Trustee.

9.      On November 13, 2013, the Court converted the Debtors' Chapter 11 cases to cases under Chapter 7.  Soneet Kapila was appointed as the Chapter 7 Trustee for each Debtor.

10.     On March 19, 2014, the Court entered an Order substantively consolidating the Debtors, with the lead case being Unity Shipping Lines, Inc.

11.     The Defendant is a Delaware limited liability company organized within the United States of America, registered to do and has done business within the State of Florida and is otherwise subject to the jurisdiction of this Court.

12.     Within ninety (90) days prior to the Petition Date, the Debtors made a transfer totaling $130,000.00 to the Defendant(s) (the "Transfer")[2].

---

2 During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of the Defendant, insiders (including ,without limitation, Kevin Cummings, Dennis Cummings, Colleen Cummings, or Cheryl Cummings) or any other transferee. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers/Transfers, (iii) modifications of and/or revisions to the Defendant's name, and/or (iv) additional defendants that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for all such amendments to relate back to the date of the filing of this original Complaint.

13.    The Transfer was made pursuant to a wire transfer from the Debtors (consisting of payments from the particular Debtor, in the amounts and on or about the dates as specified on the attached Exhibit "1").

14.    A true and correct copy of the banking statement showing the wire transfer is attached as Exhibit "2".

15.    At the time of the Transfer, the Debtors were generally not paying their debts as they became due.

16.    At the time of such Transfer, pursuant to section 101(32) of the Bankruptcy Code, and as specifically defined therein, each of the Debtors were insolvent in that the sum of each of their debts was greater than the sum of all of their respective assets, or each of the Debtors was otherwise insolvent.

17.    The Debtors were also insolvent during this time on a consolidated basis.

18.    Specifically, the Debtors' principal has testified that the Debtors first became unable to pay their debts as they became due in or around 2008.

19.    The Debtors' financial problems arose as the product of a confluence of factors, including the economic collapse in 2008, reduced freight rates industry-wide, "freight wars" with other carriers to attract customers, and the Debtors' expansion into the European market, resulting in unprofitable voyages.

20.    The Debtors' management continued to operate at a loss for several years, taking unprofitable voyages into Europe in the hopes that the financial collapse would be short term and that the European market would provide additional revenue for the Debtors.

21.    In 2010, however, after the economy failed to recover, and lacking the financial resources to solve the Debtors' financial problems, the Debtors' principals began to discuss a merger with other companies.

22.     The Debtors actively engaged in the pursuit of a merger with competitors such as Dockwise and Coby through early 2012, when it became apparent that the merger would not materialize.

23.     On December 2, 2014 the Trustee made written demand upon the Defendant for the repayment of the subject Transfers as can be seen from a copy of the letter sent to the Defendant by regular U.S. mail attached as Exhibit "3".

24.     The Trustee has not received the repayment of the Transfers.

25.     All conditions precedent to the bringing of this adversary proceeding have been performed, waived, or excused.

### COUNT I- AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

26.     The Plaintiff hereby realleges paragraphs 1 through 25 as if fully set forth herein.

27.     The Transfer referenced above in the total amount of at least **$130,000.00** to the Defendant from the Debtor:

    (a)     was for the benefit of a creditor of the Debtors;

    (b)     was for or on account of an antecedent debt owed by one or more of the Debtors before the dates of the Transfer;

    (c)     was made while the Debtor was insolvent;

    (d)     was made on or within ninety (90) days of the date of the filing of the bankruptcy petition, or within one (1) year to or for the benefit of an insider;

    (e)     enabled the Defendant to receive more than they would receive if the case was filed under Chapter 7 of Title 11, the Transfer had not been made, and the Defendant received payment of their debts to the extent provided under the provisions of Title 11 of the Bankruptcy Code, as more specifically set forth within 11 U.S.C. §547(b)(5).

28.     The Transfer was for the benefit of a creditor of the Debtor(s).

29.     The Transfer was made within ninety (90) days of the filing of the petition.

30.     The Transfer was for or on account of an antecedent debt owed by one or more of the

Debtors before the dates of the Transfer.

31.    The Transfer was made while the Debtors were insolvent as set forth above.

32.    The Transfer enabled the Defendant to receive more than it would have received if the case was filed under Chapter 7 of Title 11, the Transfer had not been made, and the Defendant received payment of its debts to the extent provided under the provisions of Title 11 of the Bankruptcy Code, as more specifically set forth with 11. U.S.C. §547(b)(5).

33.    The Defendant was the initial transferee or the entity for whose benefit the Transfer was made, and as a result, the Plaintiff is entitled to recover this Transfers from the Defendant pursuant to 11 U.S.C. §550(a)(1).   Alternatively, the Defendant is an immediate or mediate transferee of the initial transferee for whose benefit the Transfer was made, and as a result, the Plaintiff is entitled to recover this Transfer from the Defendant pursuant to 11 U.S.C. §550(a)(2).

**WHEREFORE**, the Plaintiff, **Soneet R. Kapila, as Trustee in Bankruptcy for Unity Shipping Lines, Inc. et al,** by and through undersigned attorney, requests that the Court enter a judgment setting aside and avoiding the subject preferential Transfer pursuant to 11 U.S.C. § 547 and §550 in the amount of **$130,000.00**, whereby such Transfer shall be found to be avoided preferential Transfer, that a judgment be entered in favor of the Plaintiff, **Soneet R. Kapila, as Trustee in Bankruptcy for Unity Shipping Lines, Inc. et al**, against the Defendant in the amount of **$130,000.00**, plus court costs and interest from the date of the Trustee's demand for payment of **December 2, 2014** and that the Court such other further relief as the Court deems just and proper.

## COUNT II - RECOVERY OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. §550

34.    The Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

35.    This count is pled as an effectuating count whereby to whatever extent the Court deems it necessary for the Plaintiff to specifically seek to recover any avoided transfer pursuant to a separately pled count, this count is being separately pled.

36.     Upon the Court setting aside and avoiding the Transfers referenced in the preceding count, for any amount either more or less than **$130,000.00** Plaintiff seeks to recover such Transfer pursuant to 11 U.S.C. §550.

**WHEREFORE,** the Plaintiff, **Soneet R. Kapila, as Trustee in Bankruptcy for Unity Shipping Lines, Inc. et al,** by and through undersigned counsel, respectfully requests that the Court enter judgment that the Defendant was the initial transferee for whose benefit the Transfer referenced above in the amount of **$130,000.00**, was made, and as a result, the Plaintiff is entitled to recover the Transfer from the Defendant pursuant to 11 U.S.C. §550(a)(1) or alternatively, that the Court enter judgment finding that the Defendant is the immediate or mediate transferee of the initial transferee for whose benefit the Transfer was made, and as a result, the Plaintiff is entitled to recover the Transfer as referenced above from the Defendant pursuant to 11 U.S.C. §550(a)(2).

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated:   February 3, 2015

**GREENSPOON MARDER, P.A.**

*/s Rilyn A. Carnahan*
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
RILYN A. CARNAHAN, ESQ.
Florida Bar No.: 614831
Attorneys for Trustee
250 S. Australian Ave., Suite 700
West Palm Beach FL 33401
(561) 838-4557
(561) 514-3457 (facsimile)
Email: rilyn.carnahan@gmlaw.com

| Exhibit |
| --- |

**Unity Shipping Lines, Inc., Yacht Path International, Inc., Yacht Path Palm Beach, Inc., Unity Marine, Inc.**
**Case Number 13-16222 (substantively consolidated)**
**United States Bankruptcy Court**
**Southern District of Florida**
**West Palm Beach Division**

**Rickmers Linie America, Inc. 90 Day Payments: 12/20/12 to 03/20/13**

| Entity | Date | Amount |
| --- | --- | --- |
| Unity Shipping Lines | 12/31/2012 | $ 130,000.00 |
| | | $ 130,000.00 |

EXHIBIT "1"



H

UNITY SHIPPING LINES INC
OPERATING ACCOUNT

Page 9 of 15
Statement Period
12/01/12 through 12/31/12
E0  E PB  EB 53                    0103

Account Number            8249

## Withdrawals and Debits - Continued
## Other Debits

| Date Posted | Customer Reference | Amount ($) | Description | Bank Reference |
|---|---|---|---|---|
| 12/28 | | 9,594.58 | Wire Type:Wire Out Date:121228 Time:1655 Et Trn:2012122800333324 Service Ref:015250 Bnf:Fillette Green Shipping SE ID:▇▇1714 Bnf Bk:Hancock Bank ID:   3681 Pmt Det:12C28G252 23C1843 | 903712280333324 |
| 12/28 | | 9,329.30 | Adp TX/Fincl Svc Des:Adp - Tax  ID Indn:Unity Shipping Lines I  Co ID:▇▇6057 Ccd | 902362011482049 |
| 12/31 | | 130,000.00 | Wire Type:Wire Out Date:121231 Time:1209 Et Trn:2012123100217290 Service Ref:011036 Bnf:Rickmers-Linie America Inc ID:▇▇601 Bnf Bk:Amegy Bank National Ass ID:▇▇1258 Pmt Det:Inv 10191 | 903712310217290 |
| 12/31 | | 25,254.71 | Wire Type:Wire Out Date:121231 Time:1209 Et Trn:2012123100217288 Service Ref:011034 Bnf:Fillette Green Shipping SE ID:▇▇1714 Bnf Bk:Hancock Bank ID      3681 Pmt Det:12C31C053 7N81236 | 903712310217288 |
| 12/31 | | 2,000.00 | Wire Type:Book Out Date:121231 Time:1209 Et Trn:2012123100217289 Related Ref:12C31C0655Qu1T38 Bnf:Kevin M Cummings ID:   1415 | 903712310217289 |

**Card Account #          9544:**

| Date | | Amount | Description | Bank Reference |
|---|---|---|---|---|
| 12/03 | | 12.56 | CheckCard  1201 Apl*apple Itunes Store | 929912012014793 |
| 12/03 | | 11.96 | CheckCard  1202 Apl*apple Itunes Store | 929912022120698 |
| 12/03 | | 9.98 | CheckCard  1202 Apl*apple Itunes Store | 929912022125317 |
| 12/04 | | 9.99 | CheckCard  1203 Apl*apple Itunes Store | 929912033032885 |
| 12/07 | | 26.00 | CheckCard  1206 Ringcentral, Inc | 929912064430346 |
| 12/10 | | 300.00 | BkofAmerica ATM 12/10 #000001713 Withdrwl | 946312100001713 |
| 12/12 | | 823.77 | CheckCard  1211 Ringcentral, Inc | 929912114485781 |
| 12/17 | | 303.00 | Td Bank NA        12/15 #000209345 Withdrwl | 946312150209345 |
| 12/17 | | 303.00 | Wells Fargo Bn  12/17 #000749117 Withdrwl | 946312170749117 |
| 12/17 | | 303.00 | Wells Fargo Bn  12/17 #000748968 Withdrwl | 946312170748968 |
| 12/17 | | 10.55 | CheckCard  1214 Apl*apple Itunes Store | 929912141372497 |
| 12/17 | | 9.98 | CheckCard  1213 Apl*apple Itunes Store | 929912130604910 |
| 12/21 | | 9.98 | CheckCard  1220 Apl*apple Itunes Store | 929912201834648 |
| 12/24 | | 1,200.00 | CheckCard  1221 Crowley Maritime Corpor | 929912212362006 |
| 12/24 | | 15.27 | CheckCard  1223 Apl*apple Itunes Store | 929912231307964 |
| 12/24 | | 5.28 | CheckCard  1223 Apl*apple Itunes Store | 929912231114745 |
| 12/27 | | 15.98 | CheckCard  1226 Apl*apple Itunes Store | 929912261275523 |
| 12/27 | | 11.96 | CheckCard  1226 Apl*apple Itunes Store | 929912261307141 |
| 12/31 | | 500.00 | BkofAmerica ATM 12/29 #000002372 Withdrwl | 946312290002372 |
| 12/31 | | 8.96 | CheckCard  1229 Apl*apple Itunes Store | 929912294438865 |
| **Subtotal** | | **3,891.22** | | |

**Card Account #          3821:**

| Date | | Amount | Description | Bank Reference |
|---|---|---|---|---|
| 12/03 | | 274.00 | Harris Teeter   12/01 #000128477 Purchase | 946312010128477 |
| 12/03 | | 224.69 | Harris Teeter   12/01 #000117780 Purchase | 946312010117780 |
| 12/03 | | 217.32 | CheckCard  1130 Hotels.Com US | 929911300049956 |
| 12/03 | | 203.00 | CT Travelex     12/01 #000007732 Withdrwl | 946312010007732 |
| 12/03 | | 90.00 | CheckCard  1201 American Ai      3260 | 929912010020500 |
| 12/03 | | 86.24 | Harris Teeter   12/02 #000919551 Purchase | 946312020919551 |
| 12/03 | | 54.50 | CheckCard  1129 Slackers Bar And Grill | 929911291708746 |
| 12/03 | | 12.19 | Sunoco 0769063  12/03 #000356172 Purchase | 946312030356172 |
| 12/04 | | 28.47 | Walgreens        12/04 #000623090 Purchase | 946312040623090 |
| 12/04 | | 18.00 | CheckCard  1202 Just Mens Haircuts | 929912022190281 |
| 12/04 | | 10.00 | Walgreens        12/04 #000813347 Purchase | 946312040813347 |

EXHIBIT "2"

**BANA1538**



**888.491.1120**
**www.gmlaw.com**

From the desk of:
Rilyn A. Carnahan, Esq.
222 Lakeview Avenue, Suite 800
West Palm Beach, Florida 33401
Direct Phone: 561.838.4557
Direct Fax: 561.514.3457
Email: rilyn.carnahan@gmlaw.com

December 2, 2014

**VIA Regular U.S. Mail**
Rickmers-Linie (America), Inc.
350 Glenborough Drive
Suite 180
Houston, TX 77067

      RE:    **Unity Shipping Lines, Inc.**
              **Yacht Path International, Inc.**
              **Yacht Path Palm Beach, Inc.**
              **Unity Marine, Inc.**
              **Bankruptcy Case No.: 13-16222-PGH  (substantively consolidated)**

To Whom It May Concern:

      On March 20, 2013 (the "Petition Date"), a voluntary Chapter 11 bankruptcy was filed in the Southern District of Florida for Unity Shipping Lines, Inc.; Yacht Path International, Inc.; Yacht Path Palm Beach, Inc.; and Unity Marine, Inc. (collectively the "Debtors"), Case No. 13-16222-BKC-PGH;   13-16247-BKC-PGH;   13-16261-BKC-PGH;   13-16265-BKC-PGH respectively. The cases were converted to cases under chapter 7 on November 13, 2013 and were substantively consolidated on March 19, 2014. This firm represents Soneet R. Kapila, the Chapter 7 Trustee.

      It has come to the attention of the Trustee that you have received transfer(s) from the Debtors within ninety (90) days prior to the Petition Date totaling $330,000.00 (the "Transfer(s)") (consisting of payments from Unity Shipping Lines, Inc.). As such, the Transfers would qualify as avoidable preferential transfers pursuant to 11 U.S.C. §547. This letter is being sent to demand return of the $330,000.00 to the Trustee **within thirty (30) days from the date of this letter**. Your check should be made payable to Soneet R. Kapila, Trustee in Bankruptcy for Unity Shipping Lines, Inc., and should be sent to the attention of Rilyn A. Carnahan, Esq., Greenspoon Marder, P.A., 250 S. Australian Avenue, Suite 700, West Palm Beach, Florida 33401.

EXHIBIT "3"

December 2, 2014
Page No. 2

If you believe that you have defenses to the avoidance of these Transfer(s) please provide proof of same. Otherwise, demand is hereby made for payment in the amount of $330,000.00. If payment is not made, the Trustee may have no other choice but to bring an adversary proceeding against you within the Bankruptcy Court here in the Southern District of Florida.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

We are providing you with the following information in accordance with the Fair Debt Collection Practices Act:

1. Unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt, or any portion thereof, we will assume that the debt is valid.

2. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you by us.

3. Upon your written request within thirty (30) days, we will provide you with the name and address of the original creditor, if different from the current creditor.

The foregoing information pertains only to verification of indebtedness. The above thirty (30) day validation period will suspend collection activities while our office obtains debt verification. However, the thirty (30) day validation period will not suspend the possible filing of a lawsuit against you.

Be guided accordingly.

Very truly yours,

GREENSPOON MARDER, P.A.

_Rilyn Carnahan_

Rilyn A. Carnahan, Esq.
For the Firm

RAC/gs